JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Desiderio Reynoso, a.k.a. Jose Augustin, entered an admittedly intelligent and voluntary guilty plea to the charge of forgery set forth in the third count of the indictment. After a presentence investigation, Reynoso was, upon appropriate allocution, sentenced to, inter alia, one year of confinement.
By his own admission, Reynoso was, at the time of his arrest, a nineteen-year-old illegal immigrant from Guatemala, having entered the United States with other aliens through Canada. The count to which he pleaded guilty specified that on February 9, 1999, Reynoso knowingly facilitated a fraud by uttering or possessing with purpose to utter a forged resident-alien card in violation of R.C. 2913.31(A)(3). Because of his inability to speak or to read the English language, Reynoso, at all critical times, was assisted by a certified interpreter of Spanish.
Before sentence was pronounced, the prosecutor informed the court that Reynoso had been detained earlier by Michigan authorities under a different name. Ohio authorities listed his name as Jose Augustin, and it appeared that Reynoso had identified himself under other names. His explanation for his use of multiple identities was that he had feared for his life in Guatemala, which was in the midst of civil war, and had used false names to evade death squads there. According to the prosecutor, Reynoso had been convicted locally of forgery by assisting a third party in obtaining a false driver's license and of resisting arrest by fleeing from and struggling with officers when apprehended in Cincinnati.
Reynoso's attorney spoke in mitigation, noting that there was no prior felony conviction of her client and sought indulgence by the court of the statutory presumption of the least time of incarceration for the instant offense.
In response, the court stated that although Reynoso "would be eligible for community control because this was his first felony," it would be "very difficult to follow [an illegal immigrant] using assumed names" and possessing forged documents. The court continued its discourse with references to the problems presented by illegal immigration generally and by Reynoso particularly in light of his criminal activities involving other illegal entrants to this country. The court concluded its statement with this declaration: "[A]nd to me, this calls for a criminal sanction to discourage this type of activity."
The fundamental assignment of error is:
 The trial court erred in imposing incarceration upon Mr. Reynoso because the record does not support incarceration. The record supports the presumption of community control.
The second assignment is a corollary of the first:
 The trial court erred in imposing the maximum time of incarceration upon Mr. Reynoso.
In this case, the court filed a form captioned "Felony Sentencing Findings" denominating Reynoso as the defendant, but it did not check off or otherwise indicate the particular findings by filling in any of the pertinent blank spaces within the pages of the form. However, on that page of the form that constituted the entry establishing Reynoso's sentence the court wrote "Special Circumstances in Record" [sic].
R.C. 2929.11(A) sets forth the overriding purposes of felony sentencing, which, in a significant part, obligate a court to consider the need to protect the public from future crime by incapacitating the offender and to deter the offender and others from future crime. R.C. 2929.12 sets forth the checklist of factors to be considered when a prison term is not required. R.C.2929.12(A) provides expressly that the court "may consider any other factors that are relevant to achieving" the purposes of the legislation and its principles.
It is manifest from the record that the court did consider the factors peculiar to Reynoso's case and detailed its conclusions in the record even though it left the form otherwise blank, a practice we do not encourage. Therefore, we hold that, as a matter of law, the court satisfied the requirements of the pertinent parts of the statute and was entitled to impose the sanction it did by force of the provisions of R.C. 2929.13(A). It follows, then, that the first assignment must be, and is, overruled.
The second assignment is overruled because the sentence imposed is within the range established by R.C. 2929.14(A)(5), does not demonstrate an abuse of discretion by the court, and is supported by the record in its entirety. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.